PANTONE, INC. and Lawrence
Herbert, Plaintiffs,

v.

HERTZ AUTOVERMIETUNG GmbH
and Hertz France, S.A., Defendants.

No. 77 Civ. 1828 (CMM).

United States District Court,
S.D. New York.

Oct. 31, 1983.

See also D.C., 572 F.Supp. 748.

Bernstein, Obstfeld & Schwed, New
York City, for plaintiffs; Lawson Bern-
stein, Wilfried Witthuhn, Walter, Conston
& Schurtman, P.C., New York City, of
counsel.

Mendes & Mount, New York City, for
defendants; Joan S. O'Brien, New York
City, Dr. Henrich Luebbert, of counsel.

METZNER, District Judge:

Section 7 of the rental agreement be-
tween Pantone, Inc. (Pantone) and Hertz
Autovermietung GmbH (Hertz) contains a
disclaimer clause which defendant asserts
bars recovery in this case by Pantone. The
Pantone claim arises under the contractual
concept of pVV in German law. This con-
cept is fully discussed in this court's opin-
ion of October 5, 1983, 572 F.Supp. 748.
The·clause reads as follows:

"HERTZ cannot be held responsible
for any damage, not covered by insur-
ance, to a third person in connection with
the operation of the rented vehicle, as
well as the loss or damage to articles
stored or left in the vehicle during the
rental period, nor for any possible dam-
age or inconvenience caused by the belat-
ed delivery of the vehicle, possible motor
trouble or *any other causes.* The Rent-
er agrees to exonerate HERTZ from all
responsibility in this connection and to
indemnify, hold harmless and defend
HERTZ against any loss, liability and
expense, including reasonable attorney's
fees, which may arise out of or in connec-
tion with any such damage and/or loss."
(Emphasis added.)

While the defendant contends that this
disclaimer clause applies to Herbert's tort
claim as well, the contention is without
merit since it has been held that Pantone
was the party contracting with Hertz.

Pantone challenges the claim that the
disclaimer clause bars this action, making
two arguments. First, it asserts that un-
der West German law the clause as written
is unenforceable because it seeks to dis-
claim too wide an ambit of liability.
Second, the plaintiff claims that even if the
disclaimer clause is indeed enforceable un-
der German law, it would not be interpret-
ed to include negligent injury of the type
here encountered. The court has relied
only on cases for which the parties have
furnished English translations.

Dispute centers around the section's dis-
claimer of liability "for any possible dam-
age or inconvenience caused by the belated
delivery of the vehicle, possible motor trou-

ble, or any other causes." In May of 1974, when the parties entered into the contract which contained the clause, German law prohibited only those disclaimers which by their wording were intended to exempt a party from liability for his intentional torts and intentional violations of the contract. BGB § 276(2). Disclaimers of purely negligent actions were valid. 1979 NJW 2148.

The parties agree that on their face the words "or any other causes" comprehend causes arising both from intentional and from negligent action. Defendant argues, however, that despite the broad coverage of the clause, a German court would enforce the clause for negligent torts and breaches of contract, deeming the parties to have intended to enter into a valid agreement, citing BGB §§ 133, 157.

Defendant has cited a decision of a German intermediate appellate court to support its position that the clause should be upheld to the extent that it disclaimed liability for negligence. In the Judgment of May 22, 1981, OLG München, 1981, 1981 NJW 1963, the appellate court construed a disclaimer clause under the new German sales law, the AGB-Gesetz (AGBG). While that law was not in effect in 1974, when the car rental contract was signed, the parties agree that court decisions handed down interpreting the AGBG are illuminative for purposes of· construing the 1974 clause. The Munich court's reasoning supports the contention that the disclaimer clause at issue should be read to disclaim liability only for negligence, and therefore be enforced to bar Pantone's claim.

A later decision of the West German Supreme Court (BGHz), however, rejects the Munich court's reasoning. The Judgment of January 20, 1983, BGHz, 1983, 1983 NJW 1322, also considered a disclaimer clause under the AGBG. In the 1983

case, a disclaimer clause was held unenforceable in toto when it excluded liability for intentional as well as for negligent actions. The court wrote that since the clause was partially invalid as written, it could not be enforced at all.

We must follow the recent decision of the highest court in Germany. Even before the AGBG was enacted, the German courts would not stretch to provide meanings to ambiguous clauses which would permit the drafter the widest possible benefit consistent with legal limitations; instead, whole clauses were struck. *See* cases cited in the Judgment of May 17, 1982, BGHz, 1982, 1982 BGH NJW 2309.

The disclaimer clause is invalid as overbroad, and should not bar plaintiff's claims in this action.*

In view of this disposition of the matter, it is unnecessary to discuss plaintiff's second contention as to interpretation. However, this court would point out that the parties have failed to furnish the court with adequate citation to West German law upon which to decide the issue.

So ordered.

---

* Defendant also cites 1979 NJW 2148 in its Second Supplemental Memorandum of Law, at 5. This case, also decided under the AGBG, precedes the 1983 case, and the latter must control. Moreover, defendant itself has characterized the 1979 case as involving a disclaimer written "merely to cover negligent actions," Memorandum of Law at 25. It should be noted in this regard that "unlawful," as used in the excerpt from the 1979 opinion at Defendants' Second Supplemental Memorandum at 5–6, appears to refer to a basic component of the German definition of a tort, not to its nature as intentional or negligent. BGB § 823(1).